IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Towanda Faye Thompson, | ) | Civil Action No. 3:22-cv-2547-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Order adopting [48] Report and** |
| TD Bank, N.A., | ) | **Recommendation** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation (Report) of Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 48.] For the reasons below, the court adopts the report in whole.

## BACKGROUND AND PROCEDURAL HISTORY

This employment discrimination matter is based on alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., (Title VII) and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 (ADA). Towanda Faye Thompson (Plaintiff), a former employee of TD Bank, N.A. (Defendant), filed her first charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in 2019 (2019 charge) based on failure to promote under Title VII due to her religion. [ECF No. 30-1 at 1.] The EEOC dismissed this charge in September 2020 on the grounds it was "unable to conclude that the information obtained establishes violations of the statutes." [ECF No. 30-2 at 1.] Included in the letter of dismissal was a Notice of Suit Rights, informing Plaintiff that she could file a lawsuit against Defendant under Title VII based on her charge so long as suit was filed within ninety days

1

from receipt of notice, "or your right to sue based on this charge will be lost." *Id*. Plaintiff did not file suit within 90 days of receiving her notice of rights for the 2019 charge.

In April 2022, Plaintiff, proceeding pro se, filed a second charge of discrimination against Defendant (2022 charge), this time alleging retaliation over filing the 2019 charge and discrimination in violation of Title VII due to her religion. [ECF No. 30-3 at 1.] The EEOC dismissed this charge as well and informed Plaintiff of her right to sue within 90 days of receipt of the notice. [ECF No. 30-4 at 1.] Plaintiff filed suit, and the matter was referred to the magistrate judge. [ECF No. 1 at 1, 5.]

In her Amended Complaint, Plaintiff alleges failure to promote, wrongful termination, and retaliation pursuant to Title VII and failure to accommodate, failure to promote, wrongful termination, and retaliation pursuant to the ADA.[1] [ECF Nos. 20 at 1, 22 at 8-12.] Defendant moved to dismiss on the grounds the complaint was untimely, Plaintiff did not include her Title VII Failure to Promote claim in her 2022 charge, and Plaintiff's ADA claims are beyond the scope of the 2022 charge. [ECF No. 30.] The magistrate judge issued her Report recommending that Plaintiff's Title VII Failure to Promote claim and her ADA claims be dismissed but that her Title VII claims of wrongful termination and retaliation remain. [ECF No. 48 at 2.] Plaintiff filed an Objection, ECF No. 56, to which Defendant replied, ECF No. 58.[2] The matter is now ripe for ruling.

---

[1] In her Amended Complaint, under Section III, Statement of Claim, Plaintiff checked boxes for termination of employment, failure to accommodate a disability, and retaliation. [ECF No. 22 at 4.] In keeping with the requirement that pro se filings be liberally construed, the magistrate judge construed Plaintiff as asserting the seven causes of action set forth above. [ECF No. 20 at 1.].

[2] Plaintiff also moved to strike Defendant's Reply under Rule 12(f)(2). [ECF No. 61.] Even giving this filing the most liberal interpretation possible, it contains no material relevant to the Report not already contained in Plaintiff's Objection. The court declines to consider this filing in its analysis of the Report and dismisses the Motion.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Any party may serve and file written objections in response to a recommendation. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger de novo review, a party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

**DISCUSSION**

The court must liberally construe pro se filings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429

U.S. 97 (1976). Construing Plaintiff's Objection as liberally as possible, Plaintiff objects to the magistrate judge finding her Title VII Failure to Promote claim is untimely and recommending that her ADA claims be dismissed for failure to exhaust administrative remedies. [ECF No. 56 at 2–3.] For the reasons below, the court adopts the report's findings in full.

### I.     Title VII Failure to Promote Claim is Untimely

Once a charge of discrimination is dismissed by the EEOC, an employee has ninety days to file a civil action based on the allegations contained in the charge. 42 U.S.C. § 2000e-5(f)(1). A filing outside the ninety-day statute of limitations is time-barred and may be grounds for dismissal unless equitable tolling applies. *See Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 653 (4th Cir. 1993); *Dixon v. Digit. Equip. Corp.*, 976 F.2d 725 (4th Cir. 1992) (Table) (dismissing suit and rejecting equitable tolling where *pro se* plaintiff filed suit one day late).

An employee must file a charge of discrimination within the appropriate limitations period as to each discrete act of discrimination that occurred. *Williams v. Giant Foods*, 370 F.3d 423, 429 (4th Cir. 2004) (citing *Nat'l Pass. R.R. Corp. v. Morgan*, 536 U.S. 101 (2002)). Discrete acts of discrimination "'are not actionable if time-barred, even when they are related to acts alleged in timely filed charges.'" *Id*. (quoting *Nat'l Pass. R.R. Corp*, 536 U.S. at 113). Failure to promote is a discrete act of discrimination. *Id*.

Plaintiff charged Defendant with Failure to Promote under Title VII in her 2019 charge. The EEOC dismissed that charge in September 2020 and informed Plaintiff she had ninety days to file suit. The instant litigation was not begun until August 2022, nearly two years after the 2019 charge was dismissed and well beyond the ninety-day period permitted by the Equal Employment Opportunities statute.

Plaintiff objects to the magistrate judge's finding that her Title VII Failure to Promote claim is time-barred and must be dismissed, relying on the "continuing violation theory" to argue that the untimeliness of the allegations in her 2019 charge should be excused because the company continued to discriminate against her after they received notice of the 2019 charge. [ECF No. 56 at 2.] The continuing violation theory, however, is inapplicable here for two reasons. First, the continuing violation theory does not apply to allegations of failure to promote because each instance of failure to promote is a discrete act of discrimination, and the continuous violation theory does not apply in those cases. *Williams*, 370 F.3d at 429. In her Objection, Plaintiff cites multiple cases that apply the continuing violation theory, but none of them apply the doctrine to failure to promote claims. *See Green v. Los Angeles Cnty. Superintendent of Schools*, 883 F.2d 1472 (9th Cir. 1989) (race and sexual discrimination and sexual harassment); *Shager v. Upjohn Co.*, 913 F.2d 398 (7th Cir. 1990) (age discrimination); *Cornwell v. Robinson*, 23 F.3d 694 (2d Cir. 1994) (race and gender discrimination); *Pesce v. Mendes & Mount, LLP*, 2020 WL 7028641 (S.D. N.Y. Nov. 30, 2020) (sexual harassment).

Second, even if the continuous violation theory were applied to Plaintiff's failure to promote claim, it would not excuse the fact her claim was untimely filed. A charge of discrimination must be filed within 180 days after the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The continuous violation doctrine is an exception to the strict application of this statutory period of limitations. *See Thompson v. Town of Front Royal*, 117 F. Supp. 2d 533, 525–26 (W.D. Va. 2000). Plaintiff essentially asks the court to apply the continuous violation doctrine in the opposite way: to cure the fact that she filed suit beyond the ninety-day limitation period after her 2019 charge was dismissed.

Even if the continuous violation theory did apply to extend the ninety-day limitation for suing based on the 2019 charge, Plaintiff's request would still fail because she has not alleged an instance of failure to promote beyond those contained in her 2019 charge. In her objection, Plaintiff states she attached emails and internal disciplinary reports from after she filed her 2019 charge to "show the court the truthfulness and facts of my claims." [ECF No. 56 at 2.] A close review of the attachments, however, reveals no discussion of promotion nor otherwise supports Plaintiff's claim that she was discriminated against based on failure to promote. [ECF No. 56-1.] Instead, the attached documents allege harassment, payroll issues, and disciplinary actions taken against Plaintiff based on workplace behavior and failure to perform job duties. *Id*. The court also reviewed the amended complaint, which likewise lacks evidence of failure to promote. In summary, the attached documents do not support Plaintiff's argument that Defendant's failure to promote her was part of a "continuous violation" of her rights.

## II.     Plaintiff Failed to Exhaust Administrative Remedies for Her ADA Claim

The ADA requires an aggrieved party to exhaust her administrative remedies by filing a charge with the EEOC before suing. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Snydor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012); *Johnson v. Baltimore Cty. Police Dept.*, C/A No. ELH-12-2519, 2014 WL 1281602 (D. Md. March 27, 2014). The allegation in the charge limits the scope of the subsequent judicial complaint to those claims contained in the charge and those reasonably related to or arising from the original charges. *See King v. Seaboard Coast Line R.R.*, 538 F.2d 581, 583 (4th Cir. 1976); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963(4th Cir. 1996). Although courts give considerable leeway in allowing plaintiffs to proceed with claims reasonably related to those raised in an EEOC charge, when claims raised involve an employment practice that is of a different form than that raised in the charge, the claim is not administratively

exhausted. *See, e.g.*, *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009) (abrogated on other grounds by *Ft. Bend Cnty, Tx. v. Davis*, 139 S. Ct. 1843 (2019)); *Bryant v. Bell Atl., Maryland, Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2002).

The magistrate judge found Plaintiff failed to exhaust her administrative remedies as related to her ADA charges because she "signed her charge of discrimination … without any reference to any violation of the ADA[,]" and her ADA claims "are not 'reasonably related' to those raised in her filed administrative charges as they involve a different form of unlawful employment practice than the ones described in the administrative charges." [ECF No. 48 at 7.] Plaintiff argues her ADA claim should survive because "my ADA claim is filed pursuant to the EEOC Compliance Manual[,]" and "[i]t is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge[.]" [ECF No. 56 at 3 (quoting *Hall v. EEOC*, 654 F.2d 411, 414 (5th Cir. 1981)).] Unfortunately, neither of these arguments is sufficient to cure Plaintiff's failure to exhaust her administrative remedies.

That Plaintiff correctly filed her EEOC charges in compliance with the EEOC's compliance manual does not excuse the fact that neither her 2019 nor her 2022 charge note an ADA violation, neither do they refer to a potential claim under the ADA in the details of the charge. [ECF Nos. 30-1 at 1; 30-3 at 1.] Plaintiff attempts to overcome this omission by attaching email correspondence with the EEOC, ECF No. 56-1 at 1-13, which she claims show her ADA claims are "reasonably related" to those raised in her administrative charges. [ECF No. 56 at 3-4.] Yet a close review of the emails does not show any evidence that would put the EEOC on notice of Plaintiff's ADA claim, nor is it apparent Plaintiff was attempting to assert an ADA claim through the correspondence she attached from the EEOC. *Id*.

7

Plaintiff's ADA claims "'exceed the scope of [her] EEOC charge and any charges that would naturally have arisen from an investigation thereof, [and] they are procedurally barred.'" *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (quoting *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995)). Her failure to exhaust administrative remedies related to her ADA claims "deprives the federal courts of subject matter jurisdiction over the claim[s]." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Plaintiff's ADA claims must be dismissed.

## CONCLUSION

The court adopts the Report, ECF No. 48, in its entirety. Defendant's Motion to Dismiss, ECF No. 30, is granted as to Plaintiff's Title VII Failure to Promote claim as well as Plaintiff's ADA claims. The motion is denied as to Plaintiff's Title VII claims for wrongful termination and retaliation.

IT IS SO ORDERED.

July 28, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge